IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ARI BAILEY,

    Petitioner

v.                         CIVIL NO. 3:CV-17-2106

BRUCE BRANDLER, ET AL.,     (Judge Conaboy)

    Respondents

FILED
SCRANTON
NOV 2 1 2017

Per_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se petition for writ of mandamus was filed by Ari Bailey, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Petitioner has also submitted an in forma pauperis application. Bailey will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this action, however, his mandamus petition will be denied.

Named as Respondents are Assistant United States Attorneys Bruce Brandler, G. Michael Thiel, and Joanne M. Hoffman of the Middle District of Pennsylvania. Petitioner generally alleges that between February 19, 2015 and July 25, 2017, the following USP-Lewisburg officials: Joe Ordonez, Daniel Coombe, S. Buebendorf, Dallas Beachel, D. Wagohen, Daniel Knapp, A. Hartman, J. Page, Timothy Crawford, M. Wagner, James Fosnot, Brett Wert, Suzanne Heath, and Dirk Norr destroyed, obstructed, or improperly confiscated his outgoing legal mail. The legal mail is described

1

as being related to Bailey's pursuit of Bureau of Prison administrative grievances pertaining to his federal confinement. See Doc. 1, ¶ 43. He adds that those same prison officials also obstructed his incoming and outgoing correspondence with his mother. See id. at ¶ 44.

The petition provides no specific factual allegations regarding the scope or conduct attributed to the above listed prison staff members. Bailey asserts only that the purpose of this action is to compel the Respondents to investigate, indict, and prosecute the above listed prison officials for their purported criminal actions.

## Discussion

Although the federal writ of mandamus is technically abolished, this Court does have the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. Arnold v. BLaST Intermediate Unit 17, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). § 1361 provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

A remedy of mandamus is a drastic measure "to be invoked only in extraordinary situations." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp v. Daiflon,

2

Inc., 449 U.S. 33, 34 (1980)); see also In Re Young, 382 Fed. Appx. 148, 149 (3d Cir. 2010). The "writ is a drastic remedy that is seldom issued and its use is discouraged." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000).

An applicant must show that he or she is owed a "clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The United States Supreme Court in Allied elaborated that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. Allied, 449 U.S. at 35; see also Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976).

Second, relief is only available if the applicant has exhausted all other avenues of relief, and has no other adequate means to attain the relief he desires. Heckler, 466 U.S. at 616; Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003)(petitioner must show that he has no other adequate means to attain his desired relief). In Kerr, the Supreme Court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires... ." Kerr, 426 U.S. at 403.

In a similar case, Impala v. U.S. Department of Justice, 2014 WL 5825317 (M.D. Pa. Nov. 10, 2014)(Kosik, J.), the district court addressed a request for mandamus relief by a USP-Lewisburg prisoner who was seeking responses to his claims of mail interference. The court concluded that mandamus relief should not be granted since such a claim could be pursued in a civil action.

The United States Court of Appeals for the Third Circuit in Weldon v. U.S. Attorney for the Middle District, 294 F.3d 697 (3d

3

Cir. 2008) similarly determined that a Pennsylvania state inmate seeking to compel the United States Attorney's Office to investigate an alleged civil rights violation at a state prison was not entitled to mandamus relief since his claim could be pursued through a civil rights action.

Based upon the standards developed in <u>Weldon</u> and <u>Impala</u>, Bailey is not entitled to mandamus relief since he can pursue claims against the prison staff who allegedly interfered with his mail via a federal civil rights action. Furthermore, Bailey's vague, factually undeveloped claims of mail interference do not satisfy his burden of establishing a clear and undisputable right to mandamus relief.[1]

### Conclusion

Since Bailey has failed to establish a clear and undisputable right to the requested relief and has alternate available remedies, his mandamus petition will be dismissed without prejudice. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 20, 2017

---

1. It is especially noted that there is no allegation by Petitioner that the Respondents received and failed to respond in a timely fashion to a properly submitted complaint by Bailey of mail interference at USP-Lewisburg.

4